TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.........MIDDLESEX........., ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **12-1184**

Sandra Turner
............................................., Plaintiff(s)

v.

Massachusetts Institute
of Technology................., Defendant(s)

### SUMMONS

To the above-named Defendant: Massachusetts Institute of Technology, 77 Massachusetts Avenue
Cambridge, MA
   You are hereby summoned and required to serve upon ..L. Richard LeClair, III, Esq..........

........................................... plaintiff's attorney, whose address is ..707 Main Street,.........

..Waltham, MA 02451............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..200 Trade Center,...

..Woburn, MA 01801..................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

   Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

   Witness, **Barbara J. Rouse**, Esquire, at ........Woburn......................................................

the ..........28th.................................... day of ..March....................................................

....................., in the year of our Lord ....2012............................................. .

......................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

THE TRIAL COURT
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: *12-1184*

---

SANDRA TURNER, )
    Plaintiff, )
     )
     )
v. )
     )
     )
MASSACHUSETTS )
INSTITUTE OF TECHNOLOGY, )
    Defendant. )
     )

---

## COMPLAINT AND JURY DEMAND

### PARTIES

1.   The plaintiff, Sandra Turner, is an individual with a principal place of residence at 23 Brookfield Circle, Framingham, Middlesex County, Massachusetts.

2.   The defendant, Massachusetts Institute of Technology, is a school incorporated under the laws of the Commonwealth of Massachusetts with a principal place of business at 77 Massachusetts Avenue, Middlesex County, Cambridge, Massachusetts.

### FACTUAL ALLEGATIONS

3.   The plaintiff was employed as a triage nurse for defendant Massachusetts Institute of Technology Medical Center from

1

August 15, 2005 until April 30, 2009, when she was unlawfully terminated.

4. Throughout the course of her employment, the plaintiff consistently received good performance reviews and concomitant increases in pay.

5. During 2008, the plaintiff began to suffer various symptoms of Crohn's disease, including gastrointestinal problems and joint pain.

6. On July 29, 2008, the plaintiff became seriously ill as a result of Crohn's disease and began an extended absence from work.

7. On August 18, 2008, the plaintiff notified the defendant that she had recently been diagnosed with Crohn's disease and submitted a request for extended leave, which was granted by the defendant.

8. In September of 2008, the plaintiff requested to extend her leave and submitted medical documentation supporting the need for continued leave.

9. On October 16, 2008, the defendant notified the plaintiff that her entitlement to FMLA leave would expire on October 31, 2008.

10. The plaintiff then requested and was granted leave under the defendant's Extended Sick Leave Policy which provides employees with up to twenty-six weeks of paid leave in a one-year period when an employee is unable to work due to illness.

11. The plaintiff was cleared to work, on a part-time basis, on December 1, 2008. On or before December 1, 2008, the plaintiff notified the defendant that she has been cleared to return to work on a part time basis.

12. The defendant informed the plaintiff that she would not be permitted to return to work until she was cleared to return full time.

13. On December 15, 2008, the plaintiff was cleared to work full time by her physician and she returned to work.

14. The plaintiff regularly reported to work in December of 2008 and in January and February of 2009, with the exception of two days which the plaintiff missed due to sickness and one vacation day.

15. On March 13, 2009, the plaintiff suffered a flare up of her Crohn's disease.

16. Between March 13, 2009 and March 23, 2009, the plaintiff missed six days from work due to medical issues related to her Crohn's disease.

17. On March 23, 2009, the plaintiff returned to work and met with her supervisor Janice McDonough.  Janice McDonough was aware that the plaintiff had just been absent from work due to her Crohn's disease.

18. Janice McDonough informed the plaintiff that she "would have to write her up" due to the absences.

19. Janice McDonough stated to the plaintiff that she was "being pressured to" take action against the plaintiff and that it had nothing to do with the plaintiff's job performance.

20. On Friday, March 27, 2009, the plaintiff went to work and was informed by Janice McDonough that she needed to sit down with the plaintiff to talk about "what would be best for everyone" given the plaintiff's medical condition.

21. Later on Friday, March 27, 2009, the plaintiff was contacted by Janice McDonough's office and informed that she needed to attend a meeting on Monday, March 30, 2009 with McDonough, Kris Ruzylicky and Winnie Dansby from the defendant's human resources department.

4

22. All weekend long, the plaintiff was very anxious about this upcoming meeting. Stress is a trigger for Crohn's disease; a fact that is was well known to Janice McDonough and Kris Ruzylicky.

23. The March 30, 2009 meeting was attended by the plaintiff, Janice McDonough, Kris Ruzylicky and Robert Muti from the defendant's Human Resources Department.

24. At the March 30, 2009 meeting, Robert Muti was very confrontational with the plaintiff.

25. Robert Muti stated he was shocked that the plaintiff had one hundred and four days of absenteeism in 2008 and ten absences in January of 2009.

26. The plaintiff informed Robert Muti that she had been out on disability from July 29, 2008 to December 15, 2008 and that she could have come back to work two weeks earlier, but the defendant would not allow it.

27. The plaintiff further informed Robert Muti that her recent absences were the result of a flare up of her Crohn's disease but that the treatments were working and that she was stable and able to get back to work.

5

28. Robert Muti informed the plaintiff that her absenteeism was a performance issue even though her absenteeism was directly related to the plaintiff's Crohn's disease.

29. Robert Muti then informed the plaintiff that she had two options; the plaintiff could resign or face being fired.

30. Robert Muti went on to state that the plaintiff should consider resigning as it "would look better on [her] record than being fired."

31. Robert Muti further told the plaintiff that any further absences would result in termination.

32. The plaintiff was so intimidated by Robert Muti's harangue that she began to cry.

33. The plaintiff stated to Janice McDonough and Kris Ruzylicky that she had a treatment for her Crohn's disease scheduled for April 10, 2009 and asked: "Does this mean I will be fired on April 10th?" Kris Ruzylicky then stated that they could overlook that absence as it was already scheduled.

34. At that point, Robert Muti stated that as the plaintiff had a chronic disease she should consider filing for long term disability insurance.

35.  Robert Muti then stated that once the plaintiff applied for
     long term disability insurance she would be terminated by
     the defendant.  The plaintiff responded:  "So, what you are
     telling me is that all my options result in termination."
     To which Robert Muti responded: "No, you could show up for
     work."

36.  During the March 30, 2009 meeting, Janice McDonough asked
     the plaintiff for suggestions as to what would help the
     plaintiff to work.  In response, the plaintiff requested
     that she be allowed to work part time or reduce her work
     week to four days, as she was originally hired for.

37.  The plaintiff stated that a four day work week would allow
     her to schedule her Crohn's treatments on her days off.  In
     response to this suggestion, Kris Ruzylicky stated that it
     was not possible as they were not able to get a fourth
     triage nurse approved in their last budget.

38.  The plaintiff then suggested a job share with another
     nurse.  Once again, Kris Ruzylicky rejected this suggestion
     stating "no, tried it before, it won't work."

39.  The plaintiff then suggested that defendant use per diem
     nurses to cover her days off for treatments and any future
     flare ups.  This suggestion was rejected as well.

40. At this point in the March 30, 2009 meeting, Robert Muti stated that the defendants "were only required to accommodate reasonable requests" and once again suggested that the plaintiff resign and apply for long term disability insurance benefits. The plaintiff explained to those in attendance that she was diagnosed with Crohn's disease less than a year previously and that the she would likely be stable once the treatments had taken effect.

41. The plaintiff was devastated by the hostile treatment she received from Robert Muti. Following the March 30, 2009 meeting, Janice McDonough delivered to the plaintiff a written warning letter alleging that the plaintiff's job performance was having a negative impact on the medical facility and informing the plaintiff that she would be terminated if she missed any time from the work.

42. At the time of the March 30, 2009 meeting, the plaintiff had five weeks of extended sick leave remaining.

43. The stress of the meeting and the false statements made about the plaintiff had a catastrophic effect on the plaintiff's health.

44. Beginning almost immediately after the March 30, 2009 meeting, the plaintiff's health began to deteriorate. The

8

plaintiff's health continued to deteriorate until she required hospitalization.  The plaintiff was hospitalized from April 3, 2009 until April 8, 2009.

45.  The plaintiff had not returned to work as of April 28, 2009 when the plaintiff spoke to Robert Muti.

46.  Robert Muti informed the plaintiff that the she was being terminated as she had used all of her sick leave. Approximately one week later, the plaintiff received her official termination notice.

47.  The plaintiff is a Qualified Individual under the American's with Disabilities Act and M.G.L. c 151B.

48.  The plaintiff is able to perform the essential functions of her employment position.

49   The plaintiff's job performance was excellent.

50.  The sole issue with the plaintiff's employment is that she was stricken with Crohn's disease, which is a chronic disease, typically demonstrating long periods of remission and short periods of acute illness.

51.  The defendant refused to provide reasonable accommodations to the plaintiff to allow her to continue her employment.

52.  The defendant's employees, Janice McDonough and Kris

9

Ruzylicky, are both Nurse Practitioners and are both aware that Crohn's disease is a chronic condition.

53. Janice McDonough and Kris Ruzylicky are also both aware of the fact that Crohn's disease can usually be controlled and kept in remission with Remicade infusions, which treatment the plaintiff was receiving.

54. Janice McDonough and Kris Ruzylicky were both aware that the stress relating to the confrontational meeting they had with the plaintiff on March 30, 2009 would likely have a negative impact on the plaintiff's health.

55. The defendant fired the plaintiff because of her Crohn's disease and in retaliation of the Plaintiff requesting reasonable accommodations in her employment.

55. The defendant terminated the plaintiff at a point when she still had five weeks of long term leave available to her and seventeen days of accrued vacation time.

55 The defendant gave the plaintiff an ultimatum on March 30, 2009: Any more days of absence and the plaintiff would be terminated.

56. At the time the defendant gave the plaintiff this ultimatum, it was aware that the plaintiff would have future absences from work for her Remicade infusions which

were necessary to keep the plaintiff healthy.

57. The fact that the defendant made the decision to terminate the plaintiff due to her disability is confirmed by the fact that the defendant refused to consider any reasonable accommodations for the plaintiff.

58. The defendant refused to consider putting the plaintiff on part time or even reducing the plaintiff's schedule to four days despite the fact that the plaintiff was initially hired on a four-day schedule.

59. A reduction to a four-day schedule would have provided the plaintiff with a day off to obtain the treatments she needed to maintain her health and provided the plaintiff an extra day of rest. If the defendant had reduced the plaintiff to a four-day work week, she would have been able to continue working on a consistent basis without absences.

60. On March 30, 2009, the plaintiff requested four types of reasonable accommodation from the defendant. The plaintiff requested that she work on a part time basis. The plaintiff requested that she work four days a week instead of five days. The plaintiff suggested that she have a job share with another nurse. The plaintiff suggested that the defendant use per diem nurses to cover her absences. All

of these options were reasonable and rejected by the
defendant.

61.  Reasonable accommodations could have been made that would
have allowed the plaintiff to perform her job functions for
the defendant.  The defendant made a decision to terminate
the plaintiff due to her disability before the plaintiff
had used all of the benefits available to her and refused
to provide the plaintiff reasonable accommodations.

62.  As a result of the defendant's unlawful conduct, the
plaintiff suffered economic damages, including, but not
limited to, lost wages, lost retirement benefits, and lost
fringe benefits.  In addition to suffering economic
damages, the plaintiff has suffered severe physical and
mental pain and suffering as a result of the defendant's
unlawful and discriminatory conduct.

63.  The plaintiff timely filed a charge of discrimination with
the Massachusetts Commission Against Discrimination and the
EEOC on or about September 25, 1999.

### COUNT ONE

(SANDRA TURNER V. MASSACHUSETTS INSTITUTE OF TECHNOLOGY)
(VIOLATIONS OF 42 U.S.C.A. §12101 et seq.)

64.  The plaintiff hereby realleges the allegations set forth
above in paragraphs 1 through 63.

65. The defendant failed to reasonably accommodate the plaintiff's disability.

66. The defendant failed to engage in an interactive process to properly and reasonably address the plaintiff's serious health concerns, and subjected the plaintiff to adverse employment actions by means of defendant's discriminatory conduct, including but not limited to harassing, intimidating and eventually wrongfully discharging the plaintiff.

67. The plaintiff's requested accommodations would have been effective in accomplishing the goal of helping the plaintiff continue to work and it was reasonably foreseeable that the requested accommodations would have succeeded in removing the obstacle to the plaintiff's employment that her particular disability posed, and the specific requests for part-time work, a job share, and medical leave, did present defendants with a realistic prospect of the Plaintiff's recovery at the time the reasonable accommodation was requested.

68. The defendant's conduct in failing to commence and/or engage in an interactive process and dialogue concerning plaintiff's ability and desire to work with reasonable accommodations, then creating a hostile working environment, then threatening and intimidating the

13

plaintiff constitute discrimination under 42 U.S.C.A.

§12101 et seq.

WHEREFORE, plaintiff Sandra Turner demands judgment against

the defendant Massachusetts Institute of Technology for

employment discrimination under federal law, and failure to

accommodate her disability in employment, and seeks

reinstatement, compensatory damages, front pay, back pay, the

substantial monetary difference in pension benefits, had Ms.

Turner worked three additional years, attorney's fees, damages

for physical and mental pain and suffering, punitive damages and

other statutory and non-statutory and unspecific damages, fees

and costs of litigation.

### COUNT TWO
### (SANDRA TURNER V. MASSACHUSETTS INSTITUTE OF TECHNOLOGY)
### (Violation of M.G.L.A. c. 151B §4(16))

69. Ms. Turner repeats and realleges the allegations contained

in paragraphs 1 through 68.

70. M.G.L.A. c. 151B §4(16) provides that "it is unlawful for

an employer to dismiss from employment…or otherwise

discriminate against, because of his handicap, any person

alleging to be a qualified handicapped person capable of

performing the essential functions of the position involved

with reasonable accommodation". To establish a prima facie

case, the plaintiff must show that she is a member of a

protected class and is qualified to perform the task at

hand but was nevertheless subjected to an adverse employment decision.

71. The plaintiff was disabled under state and federal law that is a "qualified handicapped person defined as having a substantial limiting impairment, and a past medical history of physical impairment", or "legally disabled", under state and federal law.

72. The plaintiff was subjected to unequal terms and conditions of employment which subsequently led to, and directly caused, her discharge because of her handicap.

73. The plaintiff requested reasonable accommodations in her employment.

74. The defendant's failure to grant the plaintiff's reasonable requests for accommodation of her disability, the defendant's harassment and intimidation of the plaintiff and ultimate termination of the plaintiff's employment constitute a violation of the handicap discrimination provisions of M.G.L.A. c. 151B §4(16).

75. As a direct and proximate result of the acts of the defendant directed against the plaintiff, the defendant has violated M.G.L. Chapter 151B.

WHEREFORE, plaintiff Sandra Turner demands judgment against defendant Massachusetts Institute of Technology for violations

of M.G.L.A. c. 151B §4(16), and seeks damages, back pay and front pay damages to the extent provided by law, reinstatement to her position, lost pension benefits damages caused by defendant's conduct, damages for the physical and metal pain and suffering, punitive damages, attorney's fees, costs of the action, statutory interest, and any other economic or non-economic element of damages that this court deems just and proper to award the plaintiff.

## COUNT THREE
### (SANDRA TURNER V. MASSACHUSETTS INSTITUTE OF TECHNOLOGY)
### (FEDERAL RETALIATION CLAIM)

76.  The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 75 of this complaint.

77.  The plaintiff's requests for reasonable accommodation to her handicap constituted participation for purposes of engaging in protected activity, under 42 U.S.C. 12203(a), which reads in part that no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge...or participated in any manner in an investigation, proceeding or hearing under the Act.

78.  The plaintiff avers that defendant's termination of the plaintiff was motivated by a desire to retaliate against the plaintiff for requesting reasonable accommodations and was a determinative factor in her termination from

16

employment, but for the retaliatory animus she would not have suffered adverse action.

79. The defendant harassed, ridiculed, intimidated and ultimately terminated the plaintiff from her employment for her participation in protected activity under federal law.

WHEREFORE, plaintiff Sandra Turner, demands judgment against defendant Massachusetts Institute of Technology for violation of the plaintiff's rights under federal law, specifically the laws against retaliatory discharge, and seeks compensatory damages, front pay, back pay, reinstatement to her position, damages for physical and mental pain and suffering, punitive damages, pension benefits adjustments caused by her wrongful termination and the violation of her federal rights, and any such other damages or relief as this court may deem just and proper.

**COUNT FOUR**
**(SANDRA TURNER V. MASSACHUSETTS INSTITUTE OF TECHNOLOGY)**
**(STATE RETALIATION CLAIM)**

80. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 79.

81. The plaintiff's requests for reasonable accommodations to her handicap constituted participation for purposes of engaging in protected activity under M.G.L. c. 151B, § 4(4).

82. The defendant harassed, intimidated and terminated the plaintiff's employment for her participation in protected activity under state and federal law.

83. The defendant's actions constitute a retaliatory discharge and unlawful retaliation and was the proximate cause of her discharge from employment.

WHEREFORE, plaintiff Sandra Turner demands judgment against defendant Massachusetts Institute of Technology for unlawful state retaliatory discharge and seeks back pay, compensatory damages, mental and physical pain and suffering damages, punitive damages, attorney's fees, costs of this action, and all other damages and losses caused by defendant's unlawful and retaliatory conduct.

## JURY TRIAL REQUEST

The Plaintiff requests a jury trial on each Count of this Complaint.

Respectfully submitted,
SANDRA TURNER
By her attorney

L. Richard LeClair, III, Esq.
BBO #561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
(781) 893-5655

Date: March 28, 2012

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. _12 - 1184_ |
|---|---|---|
| | COUNTY OF | MIDDLESEX |

| PLAINTIFF(S): SANDRA TURNER | DEFENDANT(S): MASSACHUSETTS INSTITUTE OF TECHNOLOGY |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| L. Richard LeClair, III, LeClair & LeClair, P.C., 707 Main Street, Waltham, MA 02451 (781) 893-5655 BBO# 561650 | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.        TYPE OF ACTION (specify)        TRACK

IS THIS A JURY CASE?

**B22 Employment Discrimination - Fast Track**

(●) [ ] Yes    ( ) [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
   1.   Total hospital expenses                                         $ _____
   2.   Total doctor expenses                                          $ _____
   3.   Total chiropractic expenses                                    $ _____
   4.   Total physical therapy expenses                                $ _____
   5.   Total other expenses (describe)                                $ _____
                                                        Subtotal        $ _____
B.   Documented lost wages and compensation to date                    $ _____
C.   Documented property damages to date                               $ _____
D.   Reasonably anticipated future medical expenses                    $ _____
E.   Reasonably anticipated lost wages and compensation to date        $ _____
F.   Other documented items of damages (describe)                      $ _____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)   $ _____

   The Plaintiff was wrongfully terminated from her employment and lost
   in excess of $100,000.00 in wages and benefits and suffered
   severe physical and mental pain and suffering. This is action under     Total $ _>$100,000.00_
   M.G.L. c. 151B and the American's with Disabilities Act.

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL    $ ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.)

Signature of Attorney of Record _____    Date:   Mar 28, 2012

A.O.S.C. 3-2007.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

THE TRIAL COURT
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 12-1184

SANDRA TURNER,          )
          Plaintiff,    )
                        )
v.                      )
                        )
MASSACHUSETTS           )
INSTITUTE OF TECHNOLOGY,)
          Defendant.    )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
MAR 28 2012
CLERK

## MOTION TO APPOINT SPECIAL PROCESS SERVER

The Plaintiff moves the court to appoint Joseph Bryson, of
Waltham, County of Middlesex, a constable and qualified
professional process server, knowledgeable in the service of
process and not a party to this action, to serve process in this
case in accordance with the provisions of Rule 4(c) of the Rules
of Civil Procedure, in order to assure a substantial savings of
time and money.

Respectfully submitted,
SANDRA TURNER
By her attorney

3/28/12 Motion Allowed
Deputy Assistant Clerk

L. Richard LeClair, III, Esq.
BBO #561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
(781) 893-5655

Date: March 28, 2012

1