# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SANDRA TURNER, )<br>     Plaintiff, )<br> )<br>v. )<br> )<br>MASSACHUSETTS )<br>INSTITUTE OF TECHNOLOGY, )<br>     Defendant. )<br> ) | CIVIL ACTION NO. 12-10693-DJC |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

NOW COME the parties to this action, by and through their attorneys, and hereby submit this Joint Statement Pursuant to Local Rule 16.1.

**A.    PROPOSED CASE SCHEDULE:**

1. **Initial Disclosures**.   Initial disclosures required by Fed.R.Civ.P. 26(a)(1) must be completed by **July 23, 2012.**

2. **Amendments to Pleadings**.  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **November 30, 2012.**

3. **Fact Discovery – Interim Deadlines**.

   a. All requests for production of documents and interrogatories must be served by **January 31, 2013.**

   b. All requests for admissions must be served by **January 31, 2013**.

   c. All depositions, other than expert depositions, must be completed by **March 14, 2013**.

4. **Fact Discovery – Final Deadlines**.  All discovery, other than expert discovery, must be completed by **March 14, 2013**.

5. **Status Conference**.   A status conference will be held on or after **March 15, 2013** at a time convenient for the Court.

6. **Expert Discovery**.

   a. Plaintiff's trial experts must be designated, and the information contemplated by Fed.R.Civ.P. 26(a)(2) must be disclosed by **January 31, 2013**.

   b. Plaintiff's trial experts must be deposed by **April 8, 2013**.

   c. Defendant's trial experts must be designated, and the information contemplated by Fed.R.Civ.P. 26(a)(2) must be disclosed by **March 4, 2013**.

   d. Defendant's trial experts must be deposed by **April 8, 2013.**

7. **Dispositive Motions**.

   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by **April 26, 2013**.

   b. Oppositions to dispositive motions must be filed within **45** days after the service of the motion.

8. **Pretrial Conference**.  A pretrial conference will be set at the status conference**.**

9. The parties agree that neither the Plaintiff nor the Defendants shall conduct more than 10 depositions without seeking leave of Court, which shall be granted for good cause shown.

10. The parties agree that neither the Plaintiff nor the Defendant shall propound more than thirty (30) interrogatories per side without seeking leave of Court, which leave shall be granted for good cause shown.

11. The parties agree that neither the Plaintiff nor the Defendant shall propound more than twenty-five (25) requests for admissions per side without seeking leave of Court, which leave shall be granted for good cause shown.

**B.   MAGISTRATE JUDGE:**

Currently, the parties do not consent to the trial of this action by a Magistrate Judge.

**C.   LOCAL RULE 16.1(d)(3) CERTIFICATES**

Local Rule 16.1(d)(3) Certificates will be filed separately.

**D.      CONCISE SUMMARY OF THE PARTIES' POSITIONS:**

   **1.      *Plaintiff's Summary***

The Plaintiff was employed by the Defendant as a nurse and the Plaintiff's job performance at all times was excellent. During her employment with the Defendant, the Plaintiff was stricken with Crohn's disease, which is a chronic disease, typically demonstrating long periods of remission and short periods of acute illness. The plaintiff is a Qualified Individual under the American's with Disabilities Act and M.G.L. c 151B. and is able to perform the essential functions of her employment position. The Defendant refused to provide reasonable accommodations to the Plaintiff to allow her to continue her employment. The Defendant then fired the plaintiff because of her Crohn's disease and in retaliation of the Plaintiff requesting reasonable accommodations in her employment.

   **2.      *Defendant's Summary***

MIT, which is firmly committed to the principle of equal opportunity in education and employment, denies all of plaintiff's allegations of disability discrimination and retaliation. Ms. Turner was not a qualified person with a disability because she was unable to perform the essential functions of her position as a triage nurse, including the function of regularly appearing for work. After Ms. Turner exhausted her leave and her medical provider stated that she was "incapacitated" and that the date of probable return was "unknown," MIT appropriately concluded that she could not remain on leave on an indefinite basis and her employment was terminated.

| Respectfully submitted,<br>**SANDRA TURNER**,<br>By her Attorney,<br><br>/s/ *L. Richard LeClair, III*<br>L. Richard LeClair, III<br>BBO# 561650<br>LeClair & LeClair, P.C.<br>707 Main Street<br>Waltham, MA 02451<br>(781) 893-5655<br>(781) 647-9346 (Fax)<br>LRL@LECLAIRLAW.COM | **MASSACHUSETTS INSTITUTE OF TECHNOLOGY,**<br>By its Attorneys,<br><br>/s/ *Scott A. Roberts*<br>Scott A. Roberts (BBO# 550732)<br>sroberts@hrwlawyers.com<br>R. Liliana Palacios-Baldwin (BBO#640786)<br>lbaldwin@hrwlawyers.com<br>Hirsch Roberts Weinstein LLP<br>24 Federal Street, 12th Floor<br>Boston, MA 02110<br>(617) 348-4300 |
|---|---|

Date:   July 2, 2012

## CERTIFICATE OF SERVICE

I, Scott A. Roberts, hereby certify that this document(s) was filed through the ECF system on July 2, 2012, and as a result will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Scott A. Roberts
Scott A. Roberts